[744 NYS2d 437]

In the Matter of ALBERT D. DIAMOND (Admitted as ALBERT DAVID DIAMOND), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 17, 2002

### APPEARANCES OF COUNSEL

*Robert P. Guido,* Syosset (*Edward A. Tini* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

On November 19, 1998, the respondent was disbarred in

Florida for impermissibly using approximately $155,000 of a client's funds. On October 13, 2000, the petitioner served him with a notice, pursuant to 22 NYCRR 691.3, advising him of his right to file a verified statement raising any of the defenses to the imposition of reciprocal discipline found therein, and to request a hearing prior to the imposition of such discipline. In his response, the respondent averred that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this Court could not, consistent with its duties, accept as final the finding of the Florida court and that the imposition of reciprocal discipline would be unjust. By decision and order of this Court dated January 10, 2001, the matter was referred to the Honorable Eli Wager, as Special Referee, to hear and report.

By letter dated March 22, 2001, sent by certified mail, return receipt requested, the respondent was advised that the hearing was scheduled for March 29, 2001. The respondent did not appear on that date, nor did anyone appear on his behalf. Counsel for the petitioner advised the Special Referee that he had spoken to the respondent by telephone several times between the date of the notice and the hearing date. The respondent advised counsel that he had consulted with two attorneys, both of whom encouraged him not to proceed. Based on their advice, the respondent indicated to counsel that he had decided to abandon his defense of the proceeding against him. The Special Referee found that, based on his default, the respondent had failed to prove his defenses.

In view of the foregoing, the petitioner's motion to reciprocally discipline the respondent is granted, and the respondent is disbarred based on his impermissible use of client funds in Florida.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and GOLDSTEIN, JJ., concur.

Ordered that the petitioner's motion is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Albert D. Diamond, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Albert D. Diamond, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.